**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CECIL DEWITT NELSON, | Case No.: 1:22-cv-00617-BAK (SKO) (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| TRATE, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |
| | [21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California, and filed the instant federal petition on May 23, 2022, challenging his conviction and sentence. Because the petition is successive, and because the Court lacks jurisdiction to consider the claims, the Court will recommend that the instant petition be DISMISSED.

**BACKGROUND**

On February 21, 2019, Petitioner filed a petition for writ of habeas corpus in this Court in Nelson v. Lake, Case No. 1:19-cv-00249-LJO-SKO. The petition was dismissed for lack of jurisdiction, because Petitioner failed to satisfy the savings clause in 28 U.S.C. § 2255 which would permit him to challenge his conviction by way of § 2241. On October 21, 2019, Petitioner filed a

1

subsequent habeas petition in this Court in <u>Nelson v. Lake</u>, Case No. 1:19-cv-01487-DAD-SKO.  The petition was dismissed for the same reasons.  On December 15, 2020, Petitioner filed another habeas petition in this Court in <u>Nelson v. Ciolli</u>, Case No. 1:20-cv-01769-DAD-SKO.  The petition was again dismissed for the same reasons.  On May 23, 2022, Petitioner filed the instant petition.

**DISCUSSION**

I.      <u>Successive Petition</u>

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. <u>See Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. <u>Burton v. Stewart</u>, 549 U.S. 147, 152 (2007); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner challenges his conviction of conspiracy to kidnap, kidnapping, use of a firearm during a crime of violence, and false statements. (Doc. 1 at 2.) Petitioner previously sought federal habeas relief in this Court with respect to the same conviction numerous times. <u>See Nelson v. Lake</u>,

2

1 | Case No. 1:19-cv-00249-LJO-SKO (dismissed for lack of jurisdiction); Nelson v. Lake, Case No.

2 | 1:19-cv-01487-DAD-SKO (same); Nelson v. Ciolli, Case No. 1:20-cv-01769-DAD-SKO (same).[1]

3 |       The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).

4 | Petitioner makes no showing that he obtained prior leave from the Ninth Circuit to file his successive

5 | petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for

6 | relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

7 | II.     Jurisdiction

8 |       A federal prisoner who wishes to challenge the validity or constitutionality of his federal

9 | conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

10 | under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v.

11 | Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the

12 | sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally

13 | attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

14 | U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162;

15 | see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

16 |       In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

17 | execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where

18 | the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65

19 | (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the

20 | exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions

21 | on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

22 | Stephens, 464 F.3d at 897 (citations omitted).

23 |       An exception exists by which a federal prisoner may seek relief under § 2241 if he can

24 | demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of

25 | his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255);

26 | see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow

27 |

28 | [1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually

2   will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or

3   because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)

4   (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843

5   F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

6   inadequate).

7          The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy

8   (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim

9   of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.

10  Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or

11  ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

12         Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence

13  as imposed by the United States District Court for the Southern District of Georgia, rather than an

14  error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a

15  motion pursuant to § 2255 in the Southern District of Georgia—not a habeas petition pursuant to §

16  2241 in this Court.  Petitioner was made known of this fact in his prior habeas proceedings in this

17  Court, which were dismissed for lack of habeas jurisdiction.  Just as with the previous habeas

18  applications, this Court lacks habeas jurisdiction because Petitioner has had numerous unobstructed

19  procedural opportunities to present his claims, and he does not present a cognizable claim of actual

20  innocence.

21         As the Court previously noted, Petitioner has had numerous opportunities to present his claims

22  to the sentencing court, and several of his claims were rejected by the sentencing court.  For instance,

23  Petitioner again challenges the validity of this plea agreement (Doc. 1 at 3), which was rejected

24  because the sentencing court noted that the full terms of his plea were discussed in open court.

25  Murray, Case No. 6:12-cr-00005-JRH-CLR (Doc. 201 at 6.) The Court noted that "the judge and

26  government spelled out his crime's elements"; and, "the record shows that Nelson understood the

27  nature of the charges against him, the rights he gave up when he entered the guilty plea, and the

28  possible penalties for the offense." Id. (Doc. 201 at 5.)  The factual bases for his claims were also

4

known to him prior to the filing of his first § 2255 motion.  The legal bases for his claims were also available to him before he filed his first § 2255 motion.  Petitioner has not shown that he was precluded from presenting these claims in his prior motions, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

Petitioner has also failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence."  In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898. In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him.  <u>Lorentsen</u>, 223 F.3d at 954.  Here, although Petitioner attempts to raise such a claim of innocence, he makes no claim of being factually innocent of conspiracy to kidnap.  (<u>See</u> Doc. 1 at 3.)  He instead takes issue with the sentence and suggests he was subject to an illegal enhancement.  (<u>Id</u>.)  Under the savings clause, Petitioner must demonstrate he is actually innocent of the crime for which he has been convicted. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").  Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.  <u>See</u> <u>Stephens</u>, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under <u>Richardson v. United States</u>, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in <u>Bousley</u> and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, relief would be barred since Petitioner waived his right to collateral review in his plea bargain. <u>Murray</u>, Case

1  No. 6:12-cr-00005-JRH-CLR (Doc. 148 at 6.); see United States v. Abarca, 985 F.2d 1012, 1014 (9th
2  Cir. 1993) (enforcing a waiver to collateral attack of conviction in § 2255 proceeding).

3        Accordingly, as was previously determined by the District Court, Petitioner has not
4  demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his
5  claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be
6  dismissed for lack of jurisdiction.  His claims are also barred from review because he validly waived
7  his right to collateral review.

8                                    **ORDER**

9        IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United
10  States District Judge to this case.

11                              **RECOMMENDATION**

12        For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas
13  Corpus be DISMISSED for lack of jurisdiction.

14        These Findings and Recommendations are submitted to the United States District Court Judge
15  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
16  Local Rules of Practice for the United States District Court, Eastern District of California.  Within
17  twenty-one (21) days after being served with a copy of these Findings and Recommendations,
18  Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document
19  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court
20  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is
21  advised that failure to file objections within the specified time may waive the right to appeal the Order
22  of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25  Dated:  __July 5, 2022__            _____/s/ Sheila K. Oberto_____
26                                    UNITED STATES MAGISTRATE JUDGE

27

28