UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL DEWITT NELSON,<br><br>                    Petitioner,<br><br>          v.<br><br>TRATE,<br><br>                    Respondent. | No. 1:22-cv-00617-AWI-BAK (SKO HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 7)**<br><br>**ORDER DENYING PETITIONER'S MOTION TO CONSTRUE, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

   Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 5, 2022, the Magistrate Judge assigned to the case issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 7.) This Findings and Recommendations was served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. On July 14, 2022, Petitioner responded to the Findings and Recommendations by filing a motion to construe the petition as one challenging errors to the administration of his sentence. (Doc. 8.)

   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

1

1  de novo review of the case.  The Magistrate Judge determined that the petition should be
2  dismissed because: 1) The petition is successive; 2) Petitioner fails to satisfy the savings clause in
3  28 U.S.C. § 2255; and 3) Relief is barred since Petitioner waived his right to collateral review in
4  his plea bargain.
5       In his motion, Petitioner acknowledges that the Court lacks jurisdiction to challenge his
6  conviction and sentence.  In an effort to bypass the Magistrate Judge's findings with respect to the
7  savings clause, Petitioner asks that the Court construe his petition as one challenging the manner,
8  location, or conditions of the execution of his sentence rather than a challenge to the legality of
9  his conviction and sentence.  Petitioner's request cannot save his petition.
10      First, the request must be denied because the claims in the petition clearly challenge the
11 legality of his conviction and sentence.  In claim one, Petitioner alleges the trial court gave him an
12 illegal sentence.  In claim two, he alleges the plea was made unknowingly, involuntarily,
13 unwillingly, and unintentionally.  In claim three, he alleges his sentence is grossly
14 disproportionate to the crime.  All claims challenge Petitioner's conviction and sentence, not the
15 manner, location, or conditions of the sentence's execution.
16      Second, as discussed by the Magistrate Judge, the petition is successive.  Petitioner has
17 sought federal relief with respect to his conviction and sentence on several prior occasions. *See*
18 *Nelson v. Lake*, Case No. 1:19-cv-00249-LJO-SKO (dismissed for lack of jurisdiction); *Nelson v.*
19 *Lake*, Case No. 1:19-cv-01487-DAD-SKO (same); *Nelson v. Ciolli*, Case No. 1:20-cv-01769-
20 DAD-SKO (same).  Petitioner makes no showing that he has obtained leave from the Ninth
21 Circuit to proceed with a successive petition.
22      Third, Petitioner fails to rebut the Magistrate Judge's finding that he fails to present a
23 colorable claim for relief.  As noted by the Magistrate Judge, even if the Court could consider the
24 claims, relief would be barred since Petitioner waived his right to collateral review in his plea
25 bargain. *United States v. Murray*, Case No. 6:12-cr-00005-JRH-CLR (S.D. Ga. 2013) (Doc. 148
26 at 6.); *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (enforcing a waiver to
27 collateral attack of conviction in § 2255 proceeding).
28

Having carefully reviewed the entire file, including Petitioner's response, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner presents no viable grounds for questioning the Magistrate Judge's analysis.

In addition, the Court declines to issue a certificate of appealability.[1] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

---

[1] A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition requires a certificate of appealability. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

1. The Findings and Recommendations, filed July 5, 2022 (Doc. 7), is ADOPTED IN FULL;
2. Petitioner's motion to construe (Doc. 8) is DENIED;
3. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;
4. The Clerk of Court is directed to ENTER JUDGMENT AND CLOSE THE CASE; and,
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 27, 2022

SENIOR DISTRICT JUDGE